UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-CV-24442-MORENO/O'SULLIVAN

SYM TECHNOLOGIES, LTD.,

      Plaintiff,

v.

MATRIX AVIATION, INC.,

      Defendant.

                          /

MATRIX AVIATION, INC.,

      Counter-claimant,

v.

SYM TECHNOLOGIES, LTD.,

      Counter-defendant.

                          /

## **ORDER**

      THIS MATTER is before the Court on the Plaintiff/Counter-Defendant Sym Technologies, Ltd.'s Motion in Limine to Exclude Irrelevant Evidence Concerning Third Parties (DE# 51, 8/5/15).  Having reviewed the motion and the defendant's response,[1] it is

      ORDERED AND ADJUDGED that the Plaintiff/Counter-Defendant Sym Technologies, Ltd.'s Motion in Limine to Exclude Irrelevant Evidence Concerning Third Parties (DE# 51, 8/5/15) is DENIED.

_____

[1]The plaintiff did not file a reply.

<u>DISCUSSION</u>

In its motion in limine, the plaintiff/counter-defendant seeks to preclude the advancement of arguments, testimony of any kind or introduction of evidence during the trial of this action by the defendant, Matrix Aviation, Inc. ("Matrix"), concerning what the plaintiff/counter-defendant, Sym Technologies, Ltd. ("Sym"), describes as irrelevant subject matter related to Matrix's contractual relationships, disputes, and maintenance contract issues with Petroleos Mexicanos ("Pemex") and Pemex Procurement International, Inc. ("PPI").  Sym maintains that the crux of the lawsuit is whether or not the parties agreed to reduce the commissions owed by Matrix to Sym under the Representative Agreement for the sale of two aircraft (the "Aircraft").  Sym claims that the evidence it seeks to exclude has nothing to do with the claims between Sym and Matrix related to the Representation Agreement and the commissions owed.  Motion at 5 (DE# 51, 8/5/15).

Matrix argues in its response that the motion in limine should be denied because Matrix's relationships with Pemex and PPI, including the maintenance contracts issues raised in Matrix's Counterclaim (DE# 17) and its disputes with Pemex and PPI are directly relevant to the counterclaims asserted by Matrix against Sym for (1) breach of fiduciary duty (Counterclaim Count I); fraudulent misrepresentation (Counterclaim Count II); tortious interference with current and/or prospective business relationship (Counterclaim Count III); and 4) civil conspiracy (Counterclaim Count IV).  Matrix argues further that exclusion of the evidence would prevent Matrix from proving its claims and damages.   Response at 1-2 (DE# 56, 8/20/15).  The plaintiff did not file a reply

2

memorandum countering the defendant's arguments that the evidence relates to Matrix's counterclaims.

"A Motion in Limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." Stewart v. Hooters of America, Inc., No. 8:04-cv-40T-17-MAP, 2007 WL 1752841, * 1 (M.D. Fla. June 18, 2007) (citation omitted).  A motion in limine gives the trial judge notice and an opportunity to prevent "introduction of damaging evidence which may irretrievably effect the fairness of the trial.  A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (citing Luce v. United States, 469 U.S. 38, 41 (1984)).

 Courts disfavor motions in limine.  Id. (citation omitted). "[A]dmissibility questions should be ruled upon as they arise at trial.  Accordingly, *if evidence is not clearly admissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context.*" Id. (citation omitted)(emphasis in original).  "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." Luce, 469 U.S. at 41.

Sym seeks to exclude evidence regarding the relationships of the various entities on the grounds that it is irrelevant to Sym's claims against Matrix and that it would potentially confuse the jury.  Matrix maintains that the scope of evidence is directly relevant to its counterclaims against Sym.  Exclusion of the evidence regarding the

relationships between and among Sym, Matrix, Pemex and PPI, would prevent Matrix from proving its counterclaims against Sym for breach of fiduciary duty, fraudulent misrepresentation, tortious interference and civil conspiracy.  Evidence of the business relationship that Matrix was developing with Pemex and PPI, the business relationship between Pemex/ PPI and Sym, maintenance work performed on the aircraft by Matrix in Mexico for Pemex, and any resulting contract between Pemex/PPI and the Sym-sponsored third party, is necessary for Matrix to prove the elements of its counterclaims as well as damages.

The undersigned finds that Sym has failed to carry its high burden of showing that the evidence it seeks to exclude is inadmissible on all potential grounds. Accordingly, the Plaintiff/Counter-Defendant Sym Technologies, Ltd.'s Motion in Limine to Exclude Irrelevant Evidence Concerning Third Parties (DE# 51, 8/5/15) is DENIED. At trial, the plaintiff/counter-defendant may object to the particular evidence in question and have the Court decide the issue of admissibility in the context of the trial of the parties' respective claims.

DONE AND ORDERED in Chambers at Miami, Florida, this **16th** day of September, 2015.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Moreno
All counsel of record

4